# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EDWARD BRIAN CRIST,

      Plaintiff,

vs.   No. CV 16-01107 MV/KRS

DETECTIVE JOE LOPEZ #5425,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Complaint to Recover Damages for Injury ("Complaint") filed by Plaintiff, Edward Brian Crist, on August 22, 2016 and removed to this Court on October 6, 2016. (Doc. 1, 1-1). The Court will dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Also pending before the Court are several motions filed by Plaintiff Crist. The Court's disposition of the motions is set out in part II, below.

## I. FACTUAL BACKGROUND

Plaintiff Edward Brian Crist is proceeding pro se and in forma pauperis. He has three pending civil rights cases in this Court.[1] *Edward Brian Crist v. Detective Joe Lopez #5425* was filed by Crist on August 22, 2016. (CV 16-00950 MV/LF, Doc. 1). This case, *Edward Brian Crist v. Detective Joe Lopez #5425,* was initially filed in New Mexico state court on August 22, 2016 and was removed to this Court by the Defendant on October 6, 2016 (CV 16-01107

---

[1] Crist also filed a Petition for Writ of Habeas Corpus, which was docketed as case no. CV 16-01276 RB/LF. The habeas corpus proceeding was dismissed for lack of jurisdiction. (CV 16-01276 RB/LF, Doc. 21).

1

MV/KRS, Doc. 1 and 1-1). *Edward Brian Crist v. Officer Jared Nix, et al.,* was filed in this Court by Crist on October 28, 2016. (CV 16-01190 RB/KBM).

Plaintiff Crist has a lengthy history of criminal charges and convictions in the state courts of New Mexico. *See* State of New Mexico cause nos. D-101-CR-1992-00253, D-101-CR-1992-00394, D-202-CR-1993-01119, D-101-CR-1995-00100, D-202-CR-1999-03699, D-202-CR-2000-01166, D-202-CR-2000-01537, D-202-CR-2001-01810, D-202-CR-2004-01213, D-202-CR-2013-01260, and D-202-CR-2016-01969.[2] The allegations in all three of Plaintiff Crist's pending cases arise out of the underlying arrest and criminal prosecution of Crist in cause no. D-202-CR-2016-01969. (CV 16-00950 MV/LF, Doc. 1; CV 16-01107 MV/KRS, Doc. 1-1; CV 16-01190 RB/KBM, Doc. 1).

The record in Crist's pending cases shows that at about 4:42 pm on June 8, 2016, Albuquerque Police Department ("APD") officers were dispatched to the Blake's Lottaburger at 6215 San Mateo Dr. NE, Albuquerque, New Mexico, in reference to an armed robbery. Victims told police officers that a male subject pointed a shotgun at them and demanded money. Based on a surveillance video, the suspect was described as wearing prescription eyeglasses, white hoodie, black and white shorts, maroon "van" type shoes, a white jersey with the number 19 on it, a ring on his left hand, a bandana over his face, and tattoos on his right lower leg. (Doc. 11 at 6). A witness reported seeing the male suspect get into a white vehicle bearing New Mexico registration plate 910TNB. New Mexico Motor Vehicle Department records indicated the

---

[2] The Court takes judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of this case. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007); *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972).

vehicle was registered to Brian Edward Crist and was a white 2004 Buick 4 door sedan. (Doc. 11 at 6).

At approximately 8:42 pm on June 8, 2016, APD officers were dispatched to the Pizza Hut located at 2640 Carlisle Blvd. NE in Albuquerque in reference to an armed robbery. A female employee reported that a male suspect pointed a shotgun at her and demanded cash from the register. A female customer stated that she saw two subjects enter the store. She described the first male as tall, about 6-feet, skinny, and wearing a gray zip up hoodie, shades, and a black and white bandana covering his face. She said that, on entering, the male ordered everyone on the ground and racked the shotgun, chambering a round. She felt someone moving things in her purse and, after the incident, noticed her wallet, containing her identification documents and bank/debit cards, was missing. (Doc. 11 at 7).

At around 1:19 am on June 9, 2016, Sandia Pueblo Tribal Officer Jerade Nix was dispatched to the Sandia Resort and Casino located at 30 Rainbow Road, Sandia Pueblo, New Mexico, in reference to a "firearms exchange" on the fourth level of the parking structure. Security Officer Johnny Garcia informed Officer Nix that he had reviewed video surveillance footage and had observed the driver of a red colored Honda passenger car make a firearm exchange with the owner/operator of a white vehicle. The video surveillance showed that a shotgun or long rifle was placed in the trunk of a white, four-door vehicle bearing New Mexico plate 910TNB. Officer Nix, Officer Garcia, and Officer Tommy Gonzales made their way to the fourth level and, by the white four-door vehicle bearing plate 910TNB, located the subject shown on the video placing the firearm in the trunk. The subject was identified as Edward Crist through his New Mexico Driver's License. Officers reported that Mr. Crist stated he is a convicted felon and that there was a shotgun in the trunk of his car. During a pat-down search, a glass pipe and

three small baggies of a black substance, suspected to be black tar heroin, were located in Mr. Crist's right, front pocket. The license plate on the vehicle was run by the officers and returned as registered to Edward Crist. Dispatch also notified Officer Nix that APD had run the plate on the vehicle approximately 10 times earlier that night and APD stated that the vehicle was involved in two armed robberies in Albuquerque earlier in the night. With Mr. Crist's permission, the officers opened the trunk and retrieved a 12 gauge model 88 Maverick shotgun, loaded with six shotgun shells, and a military flak jacket. (Doc. 11 at 11-12).

At 3:12 am on June 9, 2016, Detective Lopez met with Edward Crist and read him his Miranda rights. Detective Lopez described Crist as wearing black, white, and grey plaid shorts, a pink shirt, red shoes with a white sole, and prescription glasses. Lopez stated Crist had tattoos on his lower right leg. Detective Lopez reported that Officer Nix had informed him Sandia police officers had located a shot gun, hand gun, and methamphetamines in the vehicle during their inventory of the vehicle and that the vehicle was going to a secure lot at Duggar's Towing. Officer Nix arranged to have the vehicle released by Duggar's Towing to APD pending a search warrant. (Doc. 11 at 39-40).

On June 10, 2016, Officer Nix filed a Criminal Complaint in the State of New Mexico, County of Bernalillo, Metropolitan Court relating to the detention and arrest on June 9, 2016. (CV 16-00950 MV/LF, Doc. 10 at 6). The Criminal Complaint was docketed as case no. T-4-FR-2016-003073. For unknown reasons, the case caption identified the Defendant as "Kirksey, Robert." (CV 16-00950 MV/LF, Doc. 10 at 6). However, the Complaint listed the 704 Glacier Bay St SE address for Edward Crist, and the body of the Complaint identified Edward Crist as the suspect who was detained, arrested, and transported to the Metropolitan Detention Center. The Complaint charged the Defendant with possession of a firearm or destructive device by a

felon and possession of a controlled substance. (CV 16-00950 MV/LF, Doc. 10 at 6). Metropolitan Court Judge Victor Valdez made a determination on June 10, 2016, that there was probable cause a crime had been committed, but no probable cause that the crime was committed by the wrongly-named Defendant, Robert Kirksey. Based on the wrongly-named defendant, the Judge ordered that Crist be released. (*See* T-4-FR-2016-003073).

Also on June 10, 2016, Detective Joe Lopez filed a Criminal Complaint—Arrest Warrant Affidavit in the Metropolitan Court. (*See* Doc. 11). The Complaint-Arrest Warrant Affidavit was docketed as Metropolitan Court case no. T-4-FR-2016-00310. The Complaint-Arrest Warrant Affidavit states:

> 06/09/2016 0200 HRS
> I was notified by APD dispatch that Officers with the Sandia Pueblo were out on a shots fired call and they were with a male subject who was in the vehicle bearing NM 910 NTB. I asked dispatch to give my contact information to the officer handling the case with Sandia Pueblo. Officer Jared Nix of Sandia pueblo called me and informed me he was out with a male who they had in custody for shooting at another vehicle. Officer Nix informed me the male had a shot gun during the incident. Officer Nix described the male they had in custody as 6'01" 214 pounds wearing brown and grey plaid shorts and an orange shirt and provided the name of Edward Crist. I informed Officer Nix the male matched the description of robberies that had taken place on 06/08/2016 and asked if I could interview him at their office.

(Doc. 11 at 7-8). Case T-4-FR-2016-00310 was transferred to the State of New Mexico, Second Judicial District Court, for presentment of the criminal charges to a Grand Jury.

The case was docketed in the Second Judicial District Court as D-202-CR02016-01969 and Grand Jury proceedings were held in CR-2016-01969 on June 23, 2016. Both APD Detective Joe Lopez and Defendant Edward Crist testified before the Grand Jury. (Doc. 17). Detective Lopez testified, in pertinent part, that he was contacted by officers form the Sandia Pueblo Police Department around 2:00 am on June 9. They advised him that they were with a

male subject that was in a vehicle bearing New Mexico plate 910-MTB and that APD dispatch had informed them the vehicle was connected to armed robbery earlier in the day. They advised him the subject was approximately 6'1", 214 pounds wearing brown and grey plaid shorts with an orange shirt, named Edward Crist. Mr. Crist was then transferred over to the custody of Detective Lopez. The vehicle was turned over to Detective Lopez on June 10. Detective Lopez obtained a search warrant for the car and located several shotgun rounds, handgun rounds and a handgun, a bandana with black and green camouflage, and a black and white bandana with two ends tied together. (Doc. 17 at 8-18).

The Grand Jury indicted Crist on three counts of armed robbery (firearm enhancement), six counts of aggravated assault (firearm enhancement), one count of conspiracy to commit armed robbery and/or aggravated assault, one count of child abuse, and two counts of possession of a firearm by a felon, including one count arising out of the June 9, 2016 incident at the Sandia Resort and Casino. (Doc. 11 at 15-18). On March 6, 2017, the State of New Mexico filed a *nolle prosequi* in D-202-CR-2016-01969 on the grounds that the case was being referred for federal prosecution. A federal Grand Jury Indictment was filed against Crist on November 15, 2016 and criminal charges are pending in this Court. (*See* CR 16-04356 JCH, Doc. 1).

Plaintiff Crist filed his Complaint on August 22, 2016. (Doc. 1-1). Crist alleges "gross negligence, defamation of character, cruel and unusual punishment equal protection under the law, due process violations, violations of my civil rights." Crist seeks monetary, compensatory, and punitive damages in the amount of $1,000,000. (Doc. 1-1 at 7).

## II. PLAINTIFF CRIST'S PENDING MOTIONS

Before the Court are ten motions filed by Plaintiff Crist. Three of the pending motions, Motion for Disclosure of Discovery (Doc. 16), Motion to Compel Defendants to Answer

Interrogatories (Doc. 19), and Motion to Seek Discovery (Doc. 25), are in the nature of requests for discovery. Because the Court dismisses the case for failure to state a claim, the Court will deny the Motions requesting discovery as moot.

The Court will also deny Plaintiff Crist's Motion to Add Third Party (Doc. 29). In his Motion to Add Third Party, Crist seeks to join Assistant District Attorney Kevin De Ryck as a party defendant. Under Fed. R. Civ. P. 15, the Court should give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Fed. R. Civ. P. 15(a) provides that leave to amend is to be given freely, the district court may deny leave to amend where amendment would be futile. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See TV Communications Network, Inc., v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir. 1992); *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Crist's proposed amendment to add Assistant District Attorney De Ryck would be subject to immediate dismissal and is futile. Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff Crist's Motion seeks to amend to add Assistant District Attorney

De Ryck for his prosecutorial activities in the judicial phase of the criminal process. Therefore, De Ryck would be immune from suit and the Court will deny Crist's Motion to join him as a defendant. *Id*. at 430.

Plaintiff Crist has also filed three motions asking the Court to take judicial notice. Under Fed. R. Evid. 201(b), the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007); *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972). *See also*, *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (concluding a state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

The first Motion for Request for Judicial Notice (Doc. 15) requests that the Court take judicial notice of the proceedings in Second Judicial District case no. D-202-CR02016-01969, Metropolitan Court case no. T-4-FR-2016-003073, and Sandia Pueblo case no. 16-00713. The second Motion for Judicial Notice (Doc. 35) asks the Court to take notice of filings in *United States v. Crist,* CR 16-04356 JCH. The court records and filings are public records properly subject to judicial notice under Fed. R. Evid. 201. *Ahidley,* 486 F.3d at 1192 n. 5. Accordingly, the Court will grant the Motions and take judicial notice of the documents filed in D-202-CR02016-01969, T-4-FR-2016-003073, 16-00713, and CR 16-04356 JCH. The Court's granting of the Motions, however, should not be construed as approval of the conclusory allegations and statements contained in Crist's Motions.

Crist's third Motion for Judicial Notice (Doc. 37) asks the Court to take judicial notice of a letter sent to Crist by his Assistant Federal Public Defender. The letter is not a public record subject to judicial notice and the Motion will be denied. *Hynoski v. Columbia Cty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 557 (M.D. Pa. 2013) (letters of counsel do not satisfy the requirements of Fed. R. Evid. 201(b)). The Court will deny Plaintiff Crist's third Motion for Judicial Notice.

Last, Plaintiff Crist has filed a Motion of Consent (Doc. 6) consenting to a jury trial, a Motion of Consent (Doc. 13) consenting to referral of this case to Magistrate Judge Lourdes Martinez under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), and a Motion of Consent (Doc. 43) consenting to referral of this case to Magistrate Judge Kevin R. Sweazea under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). In the context of prisoner civil rights cases, Plaintiff Crist's consent is not necessary for reference of the case to a Magistrate Judge under §§ 636(b)(1)(B) and (b)(3) or to a jury trial when the opposing party has demanded a jury under Fed. R. Civ. P. 38. The Court will dismiss Crist's Motions of Consent as unnecessary.

### III. PLAINTIFF CRIST'S COMPLAINT FAILS TO STATE A § 1983 CIVIL RIGHTS CLAIM ON WHICH RELIEF CAN BE GRANTED

Plaintiff, Edward Brian Crist, is proceeding pro se and *in forma pauperis.* (Doc. 9). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.* at 555.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Bellmon,* 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Bellmon,* 935 F.2d at 1110.

Plaintiff Crist brings this action as a prisoner civil rights case under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Plaintiff Crist alleges:

> Edward Crist was booked into MDC under a ficticious name of Robert Kirksey case # T-4-FR-2016003073 and RoR'ed with out ever seeing a Judge at 215 pm June 10th 2016 only to be rearrested at the jail at 2:33 pm for robbery w/a weapon #cr-16-1969.

(Doc. 1-1 at 3). Crist appears to claim that the mistaken use of the name "Robert Kirksey" was a false statement. He makes generalized allegations that the actions of the officers constituted gross negligence, defamation of character, cruel and unusual punishment, and equal protection or due process violations. (Doc. 1 at 7). However, Crist does not specify how the use of the wrong name violated any constitutional right. *Trask*, 446 F.3d at 1046.

Nor do his factual allegations state a constitutional claim against Defendant, Joe Lopez. Crist was identified by his photo ID at the time of his arrest by the Sandia Pueblo Tribal Officers and the Judge in Metropolitan Court case #T4FR-2016-003073 found probable cause that Crist's actions, as set out in the body of the Complaint, constituted a crime. (*See* T-4-FR-2016-003073). The mistaken use of "Robert Kirksey" in the caption of the case actually benefited Crist in that the Judge ordered the release of Crist due to the use of the "wrong name." (T-4-FR-2016-

003073). Further, the mistaken use of the name "Robert Kirksey" was committed by the Sandia Pueblo police officers. (CV 16-00950 MV/LF, Doc. 10 at 6). Even if it did constitute a violation of Crist's rights, APD Detective Joe Lopez did not commit the violation and cannot be held liable under Section 1983 for the actions of the Tribal Officers. *Trask*, 446 F.3d at 1046. Crist's allegations relating to use of the fictitious name "Robert Kirksey" do not state a plausible claim for relief against Detective Joe Lopez under Fed. R. Civ. P. 12(b)(6) or under 28 U.S.C. § 1915(e)(2)(B).

    Plaintiff Crist also alleges:

> Detective Joe Lopez #5425 did give false statement on CR 16-1969, stating APD dispatch notified him that Sandia Pueblo police was out on a shots fired call at 200 AM on June 9th 2016 where Jared Nix allegedly had Edward Crist in custody for shooting at another vehicle and as a result of that shots fired call, Jared Nix had recovered a shot gun and a hand gun after doing Inventory of the vehicle bearing the license plate 910TNB. Edward Crist was in custody by Sandia Police at 119 AM June 9th 2016 for a felon in possession of a firearm and possession of a controlled substance. . .The facts are Edward Crist was in custody at 119 AM June 9, 2016 by Sandia Pueblo Police for possession of a fire arm and possession of a controlled substance. Theres [sic] no way I was out at a shots fired call where I was in custody for shooting at another vehicle and they certainly did not find a handgun and a shot gun as a direct result of a shots fired call.

(Doc. 1-1 at 3). Crist's contention that he could not have been in the custody of Sandia Pueblo police as reported by Detective Lopez at 2:00 AM because he was already in Sandia Pueblo police custody since 1:19 AM is illogical. Further, to the extent there are discrepancies between reports by the Sandia Tribal Police and Detective Lopez's reporting of information provided to him by APD Dispatch and the Sandia Pueblo police officers, those discrepancies do not necessarily render the statements by Detective Lopez "false" as alleged by Crist, nor does Crist specify how those discrepancies constitute actions in violation of his constitutional rights. *Atkins*,

487 U.S. at 48. Crist's allegations against Detective Lopez fail to state a claim on which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B)(ii).

## IV. THE COURT WILL DECLINE TO EXERCISE JURISDICTION OVER ANY STATE-LAW CLAIMS

Plaintiff Crist makes generalized references to "false statement," "defamation of character," and "gross negligence." To the extent these allegations may be construed as claims under state law, they appear to be insufficient to state a claim for relief. However, the Court does not address the question of the sufficiency of Crist's allegations under state law. To the extent Crist's Complaint can be characterized as raising claims under New Mexico state law, the Court will decline to exercise jurisdiction and dismiss those claims, as well.

When a complaint states federal claims for relief, but includes additional state-law claims, a federal court may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a) if the federal and state claims are based on a common nucleus of operative fact. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). However, when all federal claims are eliminated from the case, a district court should decline to exercise jurisdiction and dismiss the state-law claims, without prejudice. *Id.* at 726-27. The Court has concluded that Plaintiff Crist's federal civil rights allegations do not state a claim for relief and has eliminated those claims from the case. Therefore, the Court will decline to exercise supplemental jurisdiction over any state-law causes of action and will dismiss without prejudice.

## V. THE COURT WILL NOT GRANT LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless

amendment would be futile. *Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Val-Mejias,* 379 F.3d at 901.

The Court will not grant Plaintiff Crist leave to amend his Complaint. First, Crist already has multiple cases in this Court based on the same factual allegations. It is unlikely that any amendment would do more than repeat the same allegations. Moreover, Crist's Complaint is not being dismissed due to defects in his pleading. Instead, it is being dismissed under the § 1915(e)(2)(B) standard because the record in his pending cases establishes a lack of factual support for his claims. Because further amendments would still be factually insufficient, any amendment he might file would be futile. *Val-Mejias,* 379 F.3d at 901.

Last, Crist's allegations relate to evidentiary discrepancies arising out of the arrest underlying his pending criminal charges. Crist's claims are premature at this time and the evidentiary discrepancies should be litigated in the first instance in his pending criminal action. *See Smith v. Holt,* 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), *cert. denied,* 519 U.S. 1041 (1996); *Covington v. City of New York,* 171 F.3d 117 (2d Cir. 1999) (same). Any claims by Crist are premature and speculative until judgment has been entered on his pending criminal charges and leave to amend at this stage would, again, be futile.

**IT IS ORDERED:**

(1) Plaintiff Edward Brian Crist's Motion for Disclosure of Discovery (Doc. 16), Motion to Compel Defendants to Answer Interrogatories (Doc. 19), Motion to Seek Discovery (Doc. 25),

Motion to Add Third Party (Doc. 29) and Motion to Take Judicial Notice (Doc. 37) are **DENIED;**

(2) Plaintiff Crist's Motion for Request of Judicial Notice (Doc. 15), Motion to Take Judicial Notice (Doc. 35) are **GRANTED;**

(3) Plaintiff Crist's Motion of Consent (Doc. 6), Motion of Consent (Doc. 13), and Motion of Consent (Doc. 43) are **DISMISSED** as unnecessary; and

(4) Plaintiff Crist's Complaint to Recover Damages for Injury (Doc. 1-1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE